# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| AFTON J. MONTGOMERY, | |
| Individually and on behalf of | No. 14-824V |
| her minor child, CADEN J. BENOIT, | Special Master Christian J. Moran |
| Petitioner, | Filed: April 25, 2016 |
| v. | |
| | Decision dismissing case; |
| SECRETARY OF HEALTH | order to show cause |
| AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * | |

Craig S. Watson, Baton Rouge, LA, for petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Afton J. Montgomery, individually and on behalf of her minor child, Caden J. Benoit, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., on September 5, 2014.  Her petition alleged that Caden "developed the mumps, including having a swollen left check with knots," and "suffered from mouth sores, speech delay, developmental delay, otalgia and hearing loss" following the routine childhood vaccinations he received on September 8, 2011.  Pet. at 1.  The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

## I.   Procedural History

A detailed procedural history of this case can be found in the order to show cause, filed February 26, 2016.  In that order, Ms. Montgomery was instructed to show cause as to why her case should not be dismissed by April 22, 2016.  Ms. Montgomery responded to the order on April 21, 2016.

In her response to the order, Ms. Montgomery stated that she wrote a letter and provided medical records to her expert, Jacqueline E. Jones, as directed by the court.  However, after reviewing the records, Dr. Jones's opinion is that the vaccines administered to Caden are not linked to his hearing loss.  In addition, Ms. Montgomery stated that she has no other legal theories and/or experts that can opine that the vaccinations caused Caden's hearing loss.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that Caden suffered a "Table Injury."  Thus, Ms. Montgomery is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support.  Ms. Montgomery, however, has offered no such opinion.  Accordingly, it is clear from the record in this case that Ms. Montgomery has failed to demonstrate either that Caden suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6350.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
