# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
AFTON J. MONTGOMERY,              *
Individually and on behalf of     *    No. 14-824V
her minor child, CADEN J. BENOIT, *    Special Master Christian J. Moran
                                  *
          Petitioner,             *
                                  *    Filed: February 8, 2017
v.                                *
                                  *
SECRETARY OF HEALTH               *    Attorneys' fees and costs
AND HUMAN SERVICES,               *
                                  *
          Respondent.             *
                                  *
* * * * * * * * * * * * * * * * * * *
```

Craig S. Watson, Craig S. Watson Attorney at Law, Baton Rouge, LA, for petitioner;
Michael L. Cave, Cave Law Firm, Baton Rouge, LA, former counsel for petitioner;
Adriana R. Teitel United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On December 05, 2016, petitioner moved for final attorneys' fees and costs in the above-captioned matter. Petitioner requests a total of $20,153.34. **The Court awards $19,878.34.**

On September 5, 2014, Ms. Montgomery, represented by Michael Cave, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., alleging that her son suffered from mumps and other injuries as a result of routine childhood vaccinations, including the MMR vaccine, which were

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

administered on September 8, 2011.  See Pet. at 1.  About one year later, Mr. Craig Watson was substituted as the attorney of record.  ECF No. 29.  A detailed procedural history of this case can be found in the order to show cause, filed February 26, 2016.  Ms. Montgomery was unable to obtain a report from an expert presenting the opinion that the vaccinations Caden received caused him some harm, resulting in the case being dismissed for insufficient proof.  Decision, 2016 WL 2930978.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner gathered and filed medical records, engaged in settlement discussions, attempted to obtain an expert report, and moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove her case.  Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.

\* \* \*

Petitioner seeks a total of **$15,108.20** ($13,215.00 in attorneys' fees and $1,893.200 in costs) for her current counsel and **$4,771.11** ($4,170.83 in attorneys' fees and $600.28 in costs) for her former counsel.  In compliance with General Order No. 9, petitioner states that she advanced no monies for reimbursable costs in pursuit of her claim.

For hourly rates, petitioner's current attorney, Mr. Watson proposed $300 per hour and petitioner's former counsel, Mr. Cave proposed $275 per hour.  These are reasonable rates.

The second factor in the lodestar formula is a reasonable number of hours.

Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

The hours that both current counsel and former counsel worked are reasonable. However, the invoice from former counsel contains a math error. Thus, one hour ($275) of Mr. Cave's time is adjusted.

In addition to seeking attorneys' fees, the petitioner seeks an award of costs for her current attorney and her former counsel. All costs are reasonable, are documented, and are awarded in full.

After reviewing the request, the Court awards the following:

a. **A lump sum of $15,108.20 in the form of a check made payable to petitioner and petitioner's attorney, Craig S. Watson, of Craig S. Watson Attorney at Law, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

b. **A lump sum of $4,770.14 in the form of a check made payable to petitioner and petitioner's former attorney, Michael Cave, of Cave Law Firm, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master